UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SAMUEL MALOY, *on behalf of himself and all others similarly situated*, | : : : | Case No. |
| Plaintiff, | : : | Judge _____ |
| v. | : : : | **CLASS ACTION COMPLAINT** |
| STUCKY, LAUER & YOUNG, LLP, | : : | |
| Defendant. | : | **TRIAL BY JURY DEMAND** |

**NATURE OF ACTION**

1.   Plaintiff Samuel Maloy ("Plaintiff") brings this putative class action against Defendant Stucky, Lauer & Young, LLP ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on behalf of himself and all others similarly situated.

**JURISDICTION, VENUE, AND STANDING**

2.   This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.   "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well

1

positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v.*

*Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8. In order to offer the greatest protections to consumers, "the FDCPA is a strict liability statute – a collector 'need not be deliberate, reckless, or even negligent to trigger liability." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009); *see also Anderson v. Credit Bureau Collection Services, Inc.*, 422 Fed. Appx. 534, 539 (7th Cir. 2011) ("This means [Plaintiff] is entitled to sue to enforce [the FDCPA's] provisions, even the "highly technical" ones . . .").

9. "Because the FDCPA is designed to protect consumers, it is liberally construed in favor of consumers to effect its purpose." *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008).

10. "[C]laims against debt collectors under the FDCPA are to be viewed through the eyes of the 'unsophisticated consumer' . . . the standard is low, close to the bottom of the sophistication meter." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996).

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in the State of Indiana, County of Whitley, and City of Columbia City.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

14. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

16. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

17. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19. On August 11, 2016, Defendant sent Plaintiff a letter in connection with the collection of the Debt.

20. A true and accurate copy of Defendant's August 11, 2016 letter is attached to this complaint as Exhibit A.

21. The August 11, 2016 letter was Defendant's initial communication with Plaintiff.

22. As the initial communication, Defendant's August 11, 2016 letter purports to contain the notices required under the FDCPA. Exhibit A; *see* 15 U.S.C. § 1692g(a).

23. Defendant's statement of Plaintiff's rights under the FDCPA in its August 11, 2016 letter states, in relevant part:

> Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute it within that period, I'll assume that it is valid. If you do dispute it, I will as required by the law, obtain and mail to you proof of the debt.

Exhibit A.

24. By failing to state that the consumer must dispute the debt in writing in order for Defendant to obtain and mail verification, Defendant failed to meaningfully disclose Plaintiff's right under § 1692g(a)(4).

25. Therefore Plaintiff, or the least sophisticated consumer, could incorrectly believe that any dispute, including an oral statement, would require Defendant to provide verification of Plaintiff's Debt.

26. Defendant's August 11, 2016 letter does not disclose that Plaintiff's Debt is subject to increase due to accrual of interest.

27. Whether the Debt is subject to accrual of interest is information material to the consumer in that it impacts their ability to intelligently choose their response to the collection activity.

28. The omission of that material information is especially prejudicial to the consumer where the asserted right to interest is only revealed to the consumer after the 30-day time period to dispute the Debt, or any portion of the Debt, has expired.

29. Defendant's omission of material information in its August 11, 2016 initial communication would deceive or mislead the least sophisticated consumer as to the character and amount of the Debt.

30. Thus, Defendant's August 11, 2016 initial written communication failed to clearly and effectively state the amount of the Debt as required by 15 U.S.C. § 1692g(a)(1).

31. On April 24, 2017, Defendant filed a lawsuit against Plaintiff on behalf of the creditor to collect the Debt.

32. It was not until Defendant filed a lawsuit against Plaintiff that it alerted Plaintiff to its asserted right to seek interest.

33. The lawsuit seeks prejudgment interest at a rate of 18% from the date of default.

34. When Plaintiff received Defendant's August 11, 2016 letter, he did not know that the Debt was accruing interest.

35. Defendant's August 11, 2016 letter stated at the bottom: "This law firm may be deemed a 'debt collector' under the Fair Debt Collection Practices Act."

36. Defendant sent Plaintiff a subsequent letter dated June 13, 2017, in connection with the collection of the Debt.

37. Defendant's June 13, 2017 letter stated at the bottom: "This office may be deemed a 'debt collector' under the Fair Debt Collection Practices Act."

38. Upon information and belief, all of Defendant's letters contain a substantially similar statement that says Defendant "may" be deemed a debt collector under the FDCPA.

## CLASS ALLEGATIONS

39. Plaintiff repeats and re-alleges all factual allegations above.

40. Defendant's August 11, 2016 letter is based on a form or template used to send collection letters (the "Template").

41. The Template fails to state that a consumer must dispute their debt *in writing* in order for Defendant to "obtain and mail" verification of the debt.

42. The Template fails to state that the debt is subject to accrual of interest.

43. The Template states that Defendant "may be deemed a 'debt collector' under the Fair Debt Collection Practices Act."

44. Defendant has used the Template to send collection letters to over 40 individuals in the State of Indiana within the year prior to the filing of the original complaint in this matter.

45. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons with an Indiana address to whom Defendant mailed a letter based on the Template within one year before the date of the original Complaint in connection with the collection of a consumer debt.

46. Plaintiff seeks to represent the following subclass of individuals:

> All persons with an Indiana address to whom Defendant mailed a letter based on the Template within one year before the date of the original Complaint in connection with the collection of a consumer debt, where the debt was subject to accrual of interest.

47. The proposed class specifically excludes the United States of America, the State of Indiana, counsel for the parties, the presiding United States District Court Judge,

the Judges of the United States Court of Appeals for the Seventh Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

48. The class is averred to be so numerous that joinder of members is impracticable.

49. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

50. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

51. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

52. Plaintiff's claims are typical of those of the class he seeks to represent.

53. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

54. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

55. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

56. Plaintiff is willing and prepared to serve this Court and the proposed class.

57. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

58. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

59. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

60. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what

would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

61. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

62. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

63. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(4)

64. Plaintiff repeats and re-alleges each factual allegation contained above.

65. With respect to § 1692g(a)(4), "[t]he statute is clear. The debt collector "shall" notify the consumer of her right to dispute the debt in writing." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016).

66. A debt collector violates the FDCPA by "omitting the words 'in writing' " from the statement required by 15 U.S.C. § 1692g(a). *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742 (N.D. Ill. 2003).

67. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to meaningfully convey the statement required by that section in its August 11, 2016 letter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(4) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

68. Plaintiff repeats and re-alleges each and every factual allegation above.

69. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

70. "[W]e hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

71. "If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the [FDCPA] by stating the 'balance' due." *Brill v. Fin. Recovery Servs., Inc.*, No. 4:10-CV-3121, 2010 WL 5825480, at *5 (D. Neb. Nov. 10, 2010) (quoting *Chuway*, 362 F1692.3d at 949).

72. However, if "the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use" language which explains "that the

amount owed may vary if not paid immediately because of interest, late charges, or other charges that may apply as time passes . . . ." *Id.* at *5-6 (quoting *Chuway*, 362 F.3d at 949).

73. "[T]he least sophisticated consumer, who is both gullible and naïve, might have believed that he could pay the debt in full by remitting the 'Total Due[s]' in the Letters at any time after he received that letter. Such a belief would be incorrect because the total amount of the debt was subject to periodic adjustment by Defendant due to the accrual of interest." *Gill v. Credit Bureau of Carbon Cty.*, No. 14-CV-01888-KMT, 2015 WL 2128465, at *6 (D. Colo. May 5, 2015) (citations omitted).

74. The Seventh Circuit has provided safe harbor language that debt collectors may use when a debt is accruing interest: "As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number]." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).

75. Defendant, however, did not use the Seventh Circuit's safe harbor language, and did not disclose that the amount of the debt would accrue interest.

76. Thus, Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt in its August 11, 2016 letter to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A) with respect to Plaintiff and the subclass he seeks to represent;

c) Awarding Plaintiff, and the subclass he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the subclass he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the subclass he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

77. Plaintiff repeats and re-alleges each and every factual allegation above.

78.    Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).

79.    "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'"  *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 455 (3d Cir. 2006) (internal quotation omitted)).

80.    Here, it is reasonable for Plaintiff, or the least sophisticated consumer, to interpret that the balance of the Debt stated in Defendant's August 11, 2016 letter would not accrue interest—and in fact, Plaintiff had no idea that the Debt would accrue interest.

81.    Because the Debt was subject to accrual of interest, Defendant's omission of that material information violates 15 U.S.C. § 1692e(10).

82.    Defendant also violated 15 U.S.C. § 1692e(10) by misleading the consumer as to whether it is a "debt collector" under the FDCPA.

83.    The FDCPA is a statute designed to protect the unsophisticated consumer, and an unsophisticated consumer will not possess the requisite legal knowledge to know whether Defendant does in fact qualify as a "debt collector" under the FDCPA.

84.    Further, even a more savvy consumer who may look up their rights under the FDCPA after reading Defendant's letter may still be left unsure and have many questions

regarding Defendant's status as a debt collector and whether the rights listed in the FDCPA—which would only apply if Defendant is a debt collector—apply to the recipient of Defendant's letter.

85. Thus, Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

86. Plaintiff repeats and re-alleges each and every factual allegation above.

87. "It is not enough that the dunning letter state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004).

88. A debt collector who fails to use the *Miller* safe harbor language does so at its own risk of running afoul of the FDCPA's duty not to confuse consumers. *Miller*, 214 F.3d at 876.

89. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its initial communication with Plaintiff or within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1) with respect to Plaintiff and the subclass he seeks to represent;

c) Awarding Plaintiff, and the subclass he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the subclass he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the subclass he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

90. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 9, 2017

                              Respectfully submitted,

                              <u>s/ Joseph Panvini</u>
                              Joseph Panvini
                              Thompson Consumer Law Group, PLLC
                              5235 E. Southern Ave., D106-618
                              Mesa, AZ 85206
                              602-388-8875
                              866-317-2674 facsimile
                              jpanvini@consumerlawinfo.com

                                              s/ Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

Attorneys for Plaintiff