UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SAMUEL MALOY, on behalf of himself and all others similarly situated, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | CAUSE NO.: 1:17-CV-336-TLS |
| STUCKY, LAUER & YOUNG, LLP, | | |
| Defendant. | | |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Samuel Maloy's Motion for Partial Judgment on the Pleadings [ECF No. 12]. The Plaintiff filed his Complaint [ECF No. 1] on August 9, 2017. Defendant Stucky, Lauer & Young LLP timely filed its Answer [ECF No. 9] on October 10, 2017. In his Complaint, the Plaintiff brings four claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, (FDCPA) against the Defendant. The instant matter involves only Count I, whether the Defendant violated 15 U.S.C. § 1692g(a)(4).

## BACKGROUND

The following background is taken from the pleadings. The Plaintiff is a resident of Columbia City, Indiana. (Compl. ¶ 11.) The Parties agree that he is a natural person allegedly obligated to pay a debt asserted to be owed or due to a creditor other than the Defendant. (Compl. ¶ 15; Answer ¶ 15.) The Defendant is an entity who at all relevant items was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from the

Plaintiff. (Compl. ¶ 13; Answer ¶ 13.) The Defendant is also a "debt collector" as defined by 15 U.S.C 1692(a)(6). (Compl. ¶ 14; Answer ¶ 14.)

The Defendant sent the Plaintiff a letter (the Letter) in connection with the collection of a debt on August 11, 2016. (Compl. ¶ 19; Answer ¶ 19; *see also* Compl. Ex. 1, ECF No. 1-1.) The Letter was the Defendant's initial communication with the Plaintiff. (Compl. ¶ 21; Answer ¶ 21.) The Letter describes the Plaintiff's rights under the FDCPA as follows:

> Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute it within that period, I'll assume that it is valid. If you do dispute it, I will as required by the law, obtain and mail to you proof of the debt.

(Compl. Ex. 1; *see also* Compl. ¶ 23; Answer ¶ 23.)

The Defendant raised five affirmative defenses in its Answer, only two of which are pertinent to the instant Motion. The Defendant's Third Affirmative Defense raised a statutory defense based on bona fide error. *See* 15 U.S.C. § 1692k(c) ("A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."). Its Fourth Affirmative Defense is based on the idea of a "safe harbor." The Seventh Circuit has held that a debt collector can invoke the "safe harbor" doctrine to avoid liability under the FDCPA so long as the debt collector uses certain language in its initial communication. *See Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997). The Plaintiff contends that the Defendant's Third Affirmative Defense impermissibly states a legal conclusion and that the Defendant's Fourth Affirmative Defense must fail because the Defendant did not use the safe harbor language in its initial communication. As such, the Plaintiff asserts that it is entitled to partial judgment on the pleadings.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment after the plaintiff has filed a complaint and the defendant has filed an answer. *See* Fed. R. Civ. P. 12(c). The reviewing court must consider only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citations omitted). "Where the plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support [its] position." *Hous. Auth. Risk Retention Grp. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citing *All Am. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2000)) (internal quotations omitted). Judgment may be granted on the pleadings only if "all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2017).

**ANALYSIS**

The Plaintiff has moved for judgment on the pleadings only as to Count I. In Count I, the Plaintiff alleges that the Defendant violated 15 U.S.C. § 1692g(a)(4) when the Defendant mailed the Letter to the Plaintiff. Section 1692g(a)(4) requires that the initial communication between a debt collector and debtor contain:

> [A] statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer

and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.][1]

(emphasis added). The Letter contains the following language in its third paragraph:

> Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute it within that period, I'll assume that it is valid. If you do dispute it, I will as required by the law, obtain and mail to you proof of the debt.

The Letter does not communicate to an alleged debtor that she must notify the debt collector in writing to obtain proof of the debt. However, the Defendant argues that it is shielded from liability based on a bona fide error defense, *see* 15 U.S.C. § 1692k(c), and a "safe harbor" defense, *see Bartlett*, 128 F.3d at 501–02. The Court now turns its analysis to these defenses.

### A.     Fourth Affirmative Defense (Safe Harbor)

To begin, the Letter does not track the Seventh Circuit's safe harbor language. In *Bartlett*, the Seventh Circuit articulated specific language that a debt collector may use to shield itself from liability under the FDCPA. The safe harbor applies where a defendant has included the following language:

> Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it—*by notifying me in writing to that effect*—I will, as required by the law, obtain and mail to you proof of the debt.

*Bartlett*, 128 F.3d at 501–02 (emphasis added). The "by notifying me in writing to that effect" language is important because 15 U.S.C. 1692g(a)(4) contains a notification in writing requirement. Hence the safe harbor incorporates this statutory requirement. The Letter, however,

---

[1] If the initial communication does not contain this information, then the debt collector may also provide the same information in a written notice "[w]ithin five days after the initial communication with the consumer in connection with the collection of any debt . . . ." In the instant case, the parties appear to agree that the Letter is the only relevant communication for the Court to consider.

does not contain this safe harbor language—"by notifying me in writing to that effect"—and does not contain alternate language that communicates the statutory writing requirement. Parties who depart from the safe harbor language "do so at their risk." *Bartlett*, 128 F.3d at 502. Here, the Defendant departed from the safe harbor language and did not provide any other language that would satisfy the statutory requirement in its initial communication.

The Defendant highlights that this Court has held that the FDCPA does not require consumers to give debt collectors written notice to dispute the validity of a debt. *See Campbell v. Hall*, 624 F. Supp. 2d 991, 1000–01 (N.D. Ind. 2009). This is true. But the Court in *Campbell* interpreted 15 U.S.C. § 1692g(a)(3), whereas the instant claim arises under 15 U.S.C. § 1692g(a)(4). Section 1692g(a)(3) determines when a debt may be assumed valid and does not contain a writing requirement; § 1692g(a)(4) lays out the steps a consumer must take to obtain verification of a debt and contains a writing requirement. *Compare* 15 U.S.C. § 1692g(a)(3) ("[A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector"), *with* 15 U.S.C. § 1692g(a)(4) ("[A] statement that if the consumer notifies the debt collector in writing within the thirty-day period . . . ."). The Court is therefore not persuaded that the Defendant's Fourth Affirmative Defense resolves the instant action.

## B. Third Affirmative Defense (Bona Fide Error)

The analysis does not end there, however. The Defendant has also included a Third Affirmative Defense, which states that the Defendant can satisfy the statutory bona fide error defense. *See* 15 U.S.C. § 1692k(c). A defendant must show three things, by a preponderance, to establish a bona fide error defense: (1) that the presumed FDCPA violation was not intentional;

(2) that the presumed FDCPA violation resulted from a bona fide error; and (3) that the Defendant maintained procedures reasonably adapted to avoid such error. *Kort v. Diversified Collection Serv., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005). An error is "bona fide" if it is made in good faith, meaning a genuine, rather than contrived, mistake. *Id.* at 538.

The Plaintiff alleges that the Defendant has not sufficiently pleaded its Third Affirmative Defense, and therefore that the Court can properly grant judgment on the pleadings as to Count I. When a party responds to a pleading, it must state "in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). This type of pleading is known as an affirmative defense. Federal Rule of Civil Procedure 8(c) provides a non-exhaustive list of affirmative defenses, and a defense not listed in Rule 8(c) is still an affirmative defense so long as "the defendant bears the burden of proof" or if the defendant does not "controvert the plaintiff's proof." *Winforge, Inc. v. Coachment Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012) (internal quotations omitted). An affirmative defense must contain a "short and plain statement of the facts" and "allege the necessary elements" rather than simply provide "bare bones conclusory allegations[.]" *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989). In *Heller*, the Seventh Circuit rejected an affirmative defense that "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims." *Id.* at 1295.

The Seventh Circuit has not yet determined whether affirmative defenses are subject to the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 530 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g.*, *Hoffman v. CMP Entm't (USA) Inc.*, No. 17-cv-3299, 2018 WL 1115210, at *2 (C.D. Ill. Mar. 1, 2018); *Spiegel v. Ashwood Fin., Inc.*, No. 1:16-cv-1998, 2017 WL 1091250, at *4 (S.D. Ind. Mar. 23, 2017); *Perez v. PBI Bank, Inc.*, No. 1:14-

cv-1429, 2015 WL 500874, at (S.D. Ind. Feb. 4, 2015). The Court continues to agree with those cases declining to apply the *Twombly* and *Iqbal* standards to affirmative defenses. *See Husainy v. Allied Collection Serv., Inc.*, No. 4:15-CV-95, 2016 WL 1604824, at \*1 (N.D. Ind. Apr. 22, 2016); *Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11-CV-95, 2012 WL 266968 (N.D. Ind. Jan. 30, 2012) (discussing the issue extensively and citing supporting cases). As such, the Court will analyze the Defendant's affirmative defense under *Heller*, which requires defendants to state more than a mere legal conclusion as an affirmative defense.

As a general rule, an affirmative defense must provide a plaintiff with adequate notice as to basis for the claim. *See Husainy*, 2016 WL 1604824, at \*2. The Defendant's Third Affirmative Defense states that "[t]he conduct and actions of defendant, to the extent that any violation of the FDCPA may be found, result from a bona fide error, insulating defendant from liability." (Answer at 30.) At first glance this appears insufficient under *Heller*. That said, based on the Parties' briefing, the Parties appear to understand that the Defendant is raising a statutory affirmative defense, and the Court will construe it as such. The Defendant must establish three elements by a preponderance to satisfy the statutory defense. These three elements, as explained by the Plaintiff in its Reply, are: (1) that the presumed FDCPA violation was not intentional; (2) that the presumed FDCPA violation resulted from a bona fide error; and (3) that the Defendant maintained procedures reasonably adapted to avoid such error. *See Kort*, 394 F.3d at 537. Whether the Defendant can prove the elements necessary to satisfy the defense is not at issue at this stage. The Third Affirmative Defense provides the Plaintiff with sufficient notice of the grounds upon which the Defendant denies that it is liable under the FDCPA and, thus, sufficient notice on how to proceed through discovery, dispositive motion practice, or trial.

## CONCLUSION

For these reasons, the Court DENIES Plaintiff Samuel Maloy's Motion for Partial Judgment on the Pleadings [ECF. No. 12].

SO ORDERED on April 5, 2018.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT