**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| SAMUEL MALOY, *on behalf of himself and all others similarly situated*, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)<br>) Case No. 1:17-cv-00336-TLS-PRC |
| STUCKY, LAUER & YOUNG, LLP, | )<br>) |
| Defendant. | ) |

**PLAINTIFF'S UNOPPOSED MOTION TO SUBSTITUTE CLASS COUNSEL**

Plaintiff Samuel Maloy ("Plaintiff") respectfully moves this Court to enter an order substituting Russell S. Thompson IV ("Mr. Thompson") for Joseph Panvini ("Mr. Panvini") as class counsel in this action. In support thereof, Plaintiff respectfully shows the following:

**I.      Introduction**

On May 29, 2018, the Court entered an order preliminarily approving a class settlement and appointing Mr. Panvini of the Thompson Consumer Law Group, PLLC ("the Firm") as class counsel of the settlement class. Mr. Panvini is no longer with the Firm. At all relevant times, Plaintiff has been represented in this action by both Mr. Thompson and Mr. Panvini. Notice has been provided to the Class, as instructed by the Court. Mr. Thompson is fully apprised of all pertinent matters in this action and agrees that settlement is in the best interest of the Class. As the principal of the Firm, Mr. Thompson will continue to represent Plaintiff and the Class, including but not limited to, by appearing at the Final Fairness Hearing scheduled for October 5, 2018. Accordingly, Plaintiff asks that the Court enter an order substituting Mr. Thompson as class counsel in place of Mr. Panvini. Plaintiff has conferred with Defendant, and the relief sought in the instant motion is unopposed.

1

**II.     Relevant Background**

On August 9, 2017, Plaintiff filed this action against Defendant Stucky, Lauer & Young LLP ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* on behalf of himself and a class of similarly situated consumers.  Doc. 1. Specifically, Plaintiff alleged that Defendant sent debt collection letters to consumers in the State of Indiana based on a common template that (1) violated § 1692g(a)(4) of the FDCPA for failing to provide proper disclosures regarding the manner by which they must dispute the validity of the debts they are alleged to owe, Doc. 1 at ¶¶ 65-67, and (2) violated §§ 1692e(2)(A), 1692e(10), 1692g(a)(1) for failing to advise that the debts it was collecting were subject to the accrual of interest, *see* Doc. 1 at ¶ 28 (explaining that whether a debt "is subject to accrual of interest is information material to the consumer in that it impacts their ability to intelligently choose their response to the collection activity").

On December 7, 2017, Plaintiff moved for partial judgment on the pleadings with respect to Count I—the § 1692g(a)(4) claim.  Doc. 12 ("when a debt collector's letter fails to notify a consumer that a dispute must be made in writing in order to obtain verification of the debt, that debt collector violates § 1692g(a)(4) of the FDCPA"). Defendant opposed Plaintiff's motion on two grounds: (1) that it relied on the safe harbor language in *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997); and (2) that it committed a "bona fide error," which exempted it from liability under § 1692k(c) of the FDCPA.  Doc. 17.  Plaintiff asserted in its reply that the Defendant was not entitled to rely on Bartlett's "safe harbor" language, since its collection letters do not track that language and make a key omission upon which the § 1692g(a)(4) claim is based.  Doc. 18 at 2-3.  Plaintiff also argued that Defendant had not sufficiently pleaded its bona fide error defense and therefore could not rely on it to avoid the entry of judgment on the pleadings.  *Id*. at 3-4.

While the motion for partial judgment on the pleadings was pending, the parties engaged in discovery and an arms-length negotiation, which resulted in an agreement to settle this action on a classwide basis. *See* Doc. 19 at 2. On March 30, 2018, Plaintiff filed an unopposed motion for class certification and preliminary approval of class action settlement. *Id*. On April 4, 2018, the Court issued an order denying Plaintiff's partial motion for judgment on the pleadings, holding that Defendant was entitled to assert a bona fide error defense. Doc. 20.

On May 29, 2018, the Court entered an order granting Plaintiff's unopposed motion for class certification and preliminary approval of class action settlement. Doc. 22. The Court's order, in relevant part, appointed Mr. Panvini as class counsel. *Id*. at 3 (¶ 5). As will be further detailed in Plaintiff's motion for final approval of class settlement, notice was mailed to the Class shortly thereafter, in the form approved by the Court. A Final Fairness Hearing has been scheduled for 10:00 AM EDT on October 5, 2018 before the Honorable Theresa L. Springmann.

**III.    Discussion**

"[A] court that certifies a class must appoint class counsel." Fed. R. Civ. P. 23(g)(1). In doing so, the Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." *Id*. A consideration of these factors supports substituting Mr. Thompson in for Mr. Panvini as class counsel.

Mr. Thompson, the undersigned attorney, represents to the Court that he made the decision to accept the representation of Plaintiff based on the claims that were filed in the live pleading. In addition, he has been counsel of record throughout this action and—as the Firm's principal—has actively overseen and participated in this litigation. *See Reeves v. Tighorn Fin. Serv., L.L.C*, No.

3

CV 08-4866 (PAM/FLN), 2010 WL 11561258, at *10 (D. Minn. May 18, 2010) (certifying class in FDCPA action over objection that putative class counsel was inadequate—since plaintiff's lead counsel had license suspended during the course of litigation—concluding that the presence of the "junior lawyer on the case" was "sufficient for the continuity of representation").

Mr. Thompson has substantial experience in class action litigation. He and other members of the Firm, of which he is the sole manager and member, have been appointed class counsel in numerous other matters involving consumer protection litigation. *Rectenwald v. Capes, Sokol, Goodman & Sarachan, P.C.*, in the Eastern District of Missouri, Case No. 4:16-cv-00676-RLW (approved FDCPA class settlement); *Ogletree v. Café Valley, Inc.*, No. 2:16-cv-03881, District of Arizona (approved class settlement under Fair Credit Reporting Act); *Jordan v. Freedom National Insurance Services, Inc.*, 2:16-cv-00362, District of Arizona (approved class settlement under Electronic Fund Transfers Act); *Dove v. Moody, Jones, Ingino & Morehead, P.A.*, 3:15-cv-00251, Middle District of Florida (same).

Mr. Thompson also has years of experience litigating the type of claims and defenses at issue in this case. *See Kimble v. W. Ray Jamieson, P.C.*, No. 2:17-CV-02187SHMTMP, 2018 WL 814225, at *5 (W.D. Tenn. Feb. 9, 2018) (listing Mr. Thompson as counsel of record in opinion granting partial judgment on the pleadings for failing to alert consumer that disputes under § 1692g(a)(4) must be made "in writing"); *Dix v. Nat'l Credit Sys., Inc.*, No. 2:16-CV-3257-HRH, 2017 WL 4865259, at *3 (D. Ariz. Oct. 27, 2017) (counsel of record in opinion granting summary judgment in favor of plaintiff on § 1692g(a)(2) claim); *Christopher v. RJM Acquisitions LLC*, No. CV-13-02274-PHX-JAT, 2015 WL 437541, at *6 (D. Ariz. Feb. 3, 2015) (granting summary judgment in favor of the plaintiff on § 1692e(10) claim over the defendant's assertion of a bona fide error defense); *Lombardi v. Columbia Recovery Grp., LLC*, No. C12-1250 RSM, 2013 WL

4

5569465, at *3 (W.D. Wash. Oct. 9, 2013) (counsel of record in an opinion granting summary judgment to the plaintiff on § 1692g claims).

The last factor—regarding the commitment of resources—is not affected by the substitution requested, as there will be no change in law firm representing Plaintiff. The cost of mailing notice to the Class has already been borne by the Firm and the undersigned can confirm that the Firm is also capable of bearing—and will bear—the cost of attending the Final Fairness Hearing and sending the settlement checks to the Class.

**IV.    Conclusion**

Mr. Thompson is competent to represent the Class, and he has been doing so already. The Court should grant Plaintiff's unopposed motion to substitute Mr. Thompson for Mr. Panvini as class counsel.

Dated: August 13, 2018

>                            Respectfully submitted,
>
>                            s/ Russell S. Thompson IV
>                            Russell S. Thompson IV
>                            Thompson Consumer Law Group, PLLC
>                            5235 E. Southern Ave., D106-618
>                            Mesa, AZ 85206
>                            602-388-8898
>                            866-317-2674 facsimile
>                            rthompson@consumerlawinfo.com
>                            Attorney for Plaintiff

5

## **CERTIFICATE OF SERVICE**

I certify that on August 13, 2018, the foregoing was filed using the CM/ECF system of the Court which sent notification of the same to Defendant through counsel of record below as follows:

Briane M. House
Skiles Detrude
150 East Market Street, Suite 200
Indianapolis, IN 46204
bhouse@skilesdetrude.com

                                         s/ Russell S. Thompson IV
                                         Russell S. Thompson IV