**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| SAMUEL MALOY, *on behalf of himself and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 1:17-cv-00336-TLS-PRC |
| STUCKY, LAUER & YOUNG, LLP, | ) ) |
| Defendant. | ) |

**JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

Plaintiff Samuel Maloy ("Plaintiff") and Defendant Stucky, Lauer & Young, LLP ("Defendant") (together "the Parties") hereby move the Court to enter an order—following the Final Fairness Hearing set for 10:00 AM EDT on October 5, 2018—that finally certifies the class for settlement purposes ("Class") and grants final approval of the proposed class settlement agreement ("Settlement") resolving their claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**I.  Summary**

The Class was conditionally certified, and the Settlement preliminarily approved, on May 29, 2018.  *See* Doc. 22.  After successfully delivering class notice to 889 of the 925 class members—or 96% percent—the Parties have received no objections to the proposed settlement or requests for exclusion from the Class.  If granted final approval, these 889 class members will each receive a check in the amount of $5.62.  The Settlement is fair, reasonable, and adequate. The Settlement will provide the Class with more relief than it could otherwise receive at trial, and the process for notifying the Class of the Settlement meets the due process requirements for

1

approval. Following the Final Fairness Hearing, the Court should finally certify the Class for settlement purposes and grant final approval of the Settlement.

## II.     Relevant Background

### A.     Underlying Action

On August 9, 2017, Plaintiff filed this action against Defendant alleging violations of the FDCPA on behalf of himself and a class of similarly situated consumers. Doc. 1. Specifically, Plaintiff alleged that Defendant sent debt collection letters to consumers in the State of Indiana based on a common template that (1) violated § 1692g(a)(4) of the FDCPA for failing to provide proper disclosures regarding the manner by which they must dispute the validity of the debts they are alleged to owe, Doc. 1 at ¶¶ 65-67, and (2) violated §§ 1692e(2)(A), 1692e(10), 1692g(a)(1) for failing to advise that the debts it was collecting were subject to the accrual of interest, Doc. 1 at ¶ 28 (whether a debt "is subject to accrual of interest is information material to the consumer in that it impacts their ability to intelligently choose their response to the collection activity").

On December 7, 2017, Plaintiff moved for partial judgment on the pleadings with respect to Count I—the § 1692g(a)(4) claim. Doc. 12 ("when a debt collector's letter fails to notify a consumer that a dispute must be made in writing in order to obtain verification of the debt, that debt collector violates § 1692g(a)(4) of the FDCPA"). Defendant opposed Plaintiff's motion on two grounds: (1) that it relied on the safe harbor language in *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997); and (2) that it committed a "bona fide error," which exempted it from liability under § 1692k(c) of the FDCPA. Doc. 17. Plaintiff asserted in its reply that the Defendant was not entitled to rely on Bartlett's "safe harbor" language, since its collection letters do not track that language and make a key omission upon which the § 1692g(a)(4) claim is based. Doc. 18 at 2-3. Plaintiff

also argued that Defendant had not sufficiently pleaded its bona fide error defense and therefore could not rely on it to avoid the entry of judgment on the pleadings. *Id*. at 3-4.

### B.  Class Settlement and Preliminary Approval

While the motion for partial judgment on the pleadings was pending, the Parties engaged in discovery regarding Defendant's net worth. Declaration at ¶ 5. Defendant represents its net worth as negligible in sworn interrogatories and has produced (1) confidential tax filings with the State of Indiana regarding its tangible assets, (2) a balance sheet for the year ending 2017, and (3) a more detailed monthly balance sheet showing the owner equity in the company. *Id*. at ¶ 6. Class Counsel has reviewed this information and is more than satisfied that Defendant's net worth does not and could not conceivably be found to exceed $500,000. *Id*. at ¶ 7. The Parties held an arms-length negotiation, which resulted in an agreement to settle this action on a classwide basis. *Id*. at ¶ 8. On March 30, 2018, Plaintiff filed an unopposed motion for class certification and preliminary approval of class action settlement. Doc. 19. On April 4, 2018, the Court issued an order denying Plaintiff's partial motion for judgment on the pleadings, holding that Defendant was entitled to assert a bona fide error defense. Doc. 20.

On May 29, 2018, the Court entered an order granting Plaintiff's unopposed motion for class certification and preliminary approval of class action settlement. Doc. 22. The Court set a Final Fairness Hearing for 10:00 AM EDT on October 5, 2018 before the Honorable Theresa L. Springmann. *Id*. at 1. The Court appointed Joseph Panvini of the Thompson Consumer Law Group as class counsel. *Id*. at 3 (¶ 5).[1] The Court approved the form and substance of the Parties' proposed Class Notice, *id*. at 3 (¶ 8), and found that the form and method for notifying the Class

---

[1] On August 15, 2018, Russell Thompson IV ("Mr. Thompson") was substituted in as Class Counsel. Doc. 24.

3

of the Settlement met the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled to receive notice. *Id*. at 4 (¶ 9). Pursuant to the Settlement and the Court's order, Class Counsel was directed to mail the notice to the Class as expeditiously as possible, but in no event later than 30 days after the Court's order. *Id*.

### C. Distribution of Notice and Reaction of the Class

Following conditional certification of the Class and preliminary approval of the Settlement, Class Counsel provided the Class with notice using the Class Notice attached as Exhibit A to Class Counsel's Declaration ("Declaration")—submitted herewith. A copy of the Class Notice was mailed to all 925 members of the Class. *See* Declaration at ¶ 10. Out of the 925 notices sent, 879 were successfully delivered, 10 were successfully forwarded to new addresses, and 36 were returned without any known forwarding address. *Id*. at ¶ 11. Class Counsel made all reasonable efforts to locate current addresses for all class members, in particular, by searching for such addresses using the National Change of Address database. *Id*. at ¶ 12.

The Class Notice actually used was materially identical to the form that the Court had previously found was "clearly designed to advise the Class Members of their rights." Doc. 22 at 4 (¶ 9). It provided the Class with notice of the nature of the action and the terms and conditions of the Settlement, the right of any class member to exclude him or herself from the Settlement, the right to object to the Settlement, the right to make an appearance in this action, and set forth the manner and deadlines by which to do so. *See* Exhibit A, Declaration.

Class Counsel has not received any objections or requests for exclusions from the Class. Declaration at ¶ 13. No member of the Class has filed an appearance with the Court, nor has Class

4

Counsel been informed of any member's intent to do so. The Parties, therefore, anticipate that there will be no opposition from the Class at the Final Fairness Hearing.

### D.   Request for Final Approval

The Parties ask the Court to grant final approval of the Settlement following the Final Fairness Hearing. If given final approval, then, pursuant to the Settlement, Class Counsel will distribute the $6,000 settlement fund to the Class. From this amount, $1,000 will be distributed to Plaintiff for his service as a class representative. This is the maximum amount he can recover under the FDCPA. The remaining $5,000 will be distributed by Class Counsel to the 889 members of the Class for whom the Parties possess valid addresses—in the form of checks in the amount of $5.62. To the extent any settlement checks go uncashed after reasonable steps are taken to send checks to any forwarding addresses, such funds will be redistributed to Indiana Legal Services, Inc.—the *cy pres* recipient selected by the Parties. None of the funds will revert to Defendant.

Once the funds have been distributed, Class Counsel will submit a motion for an award of attorney's fees and expenses—including the costs of distributing notice and settlement checks to the Class. Defendant has agreed not to contest an award of fees up to $30,000, or reasonable costs and expenses up to $3,000. The Settlement, however, is not conditioned upon such an award, and the amount ultimately awarded will be let to the Court's discretion.

## III.   Legal Standard

"The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). "[T]he court may approve [a class settlement] only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In determining whether a proposed settlement meets Rule 23(e) standard, district courts in the Seventh Circuit generally consider "(1) the strength of plaintiff's case

compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed." *Chapman v. Bowman, Heintz, Boscia & Vician, P.C.*, No. 2:15-CV-120 JD, 2015 WL 9478548, at *7 (N.D. Ind. Dec. 29, 2015) (citing *Synfuel Techns., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)).

## IV.     Discussion

All of the relevant factors for determining whether a settlement is fair, reasonable, and adequate point in favor of granting final approval. While Class Counsel believes that Plaintiff's case against Defendant is quite strong, this must be weighed against the terms of the proposed settlement and Class Counsel's informed view that the Class would be unable to obtain a better outcome through continued litigation. The FDCPA imposes a limit on a debt collector's liability in a class action. 15 U.S.C. § 1692k(a)(2)(B). The maximum amount that Defendant would be required to pay to the rest of the Class is 1% of its net worth. *Id*. Plaintiff would, therefore, need to prove that Defendant's net worth exceeds $500,000 in order to recover more for the rest of the Class than the $5,000 that Defendant has already agreed to pay under the Settlement. The Seventh Circuit has held that, under the FDCPA, "the term net worth… means balance sheet or book value net worth," such that "goodwill should not be factored into the calculation of the defendant's net worth." *Sanders v. Jackson*, 209 F.3d 998, 1004 (7th Cir. 2000).

Class Counsel's opinion is that no amount of additional discovery would allow Plaintiff to make a showing that Defendant's balance sheet net worth exceeds $500,000. Defendant has stated in signed, sworn responses to Plaintiff's interrogatories that its net worth is "minimal or negative." Declaration at ¶ 6. Defendant has also produced business records corroborating its representation

of its net worth. *See id*. at ¶ 6. These filings show that its tangible assets and owner equity are almost an order of magnitude less than the $500,000 threshold that Plaintiff would need to exceed to do better for the Class. *Id*. at ¶ 7. In short, continued litigation over Defendant's net worth is likely to be futile. It is Class Counsel's opinion that, if this action were to proceed to trial, a jury would find that Defendant's net worth was *far less* than $500,000—meaning that the Class would necessarily recover less through continue litigation than through the Settlement.

These realities, combined with the lack of opposition to the Settlement by the Class, weigh strongly in favor of approving the Settlement. Class Counsel is not aware of any other action against Defendant by any member of the Class, filed either before or after the distribution of the Class Notice. *Id*. at ¶ 14. Thus, notwithstanding the right of class members to exclude themselves from the Settlement, there is no known class member with an individual action against Defendant that would be adversely affected by the Settlement. To the contrary, the Settlement represents the best possible outcome for every member of the Class.

**V.     Conclusion**

The Court should finally certify this action for settlement purposes and grant final approval of the Settlement. Class Counsel respectfully requests that the Court allow it 30 days from the entry of a final judgment to file a motion for attorney's fees, costs, and settlement-related expenses.

Respectfully submitted on October 4, 2018,

By: s/ Russell S. Thompson IV  
Russell S. Thompson IV  
Thompson Consumer Law Group, PLLC  
5235 E. Southern Ave., D106-618  
Mesa, AZ 85206  
602-388-8898  
866-317-2674 facsimile  
rthompson@ThompsonConsumerLaw.com  

Attorney for Plaintiff  
By: /s/ Briane M. House  
Briane M. House  
Skiles Detrude  
150 East Market Street, Suite 200  
Indianapolis, IN 46204  
bhouse@skilesdetrude.com  
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I certify that on October 4, 2018, the foregoing was filed using the CM/ECF system of the Court which sent notification of the same to Defendant through counsel of record below as follows:

Briane M. House
Skiles Detrude
150 East Market Street, Suite 200
Indianapolis, IN 46204
bhouse@skilesdetrude.com

            s/ Russell S. Thompson IV
            Russell S. Thompson IV