UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SAMUEL MALOY (on behalf of Himself and others similarly situated), | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 1:17-CV-336-TLS |
| STUCKY, LAUER & YOUNG, LLP, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the parties' Joint Motion for Final Approval [ECF No. 27], resolving the Plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. The parties move for a final order approving the proposed Class Settlement Agreement (Settlement Agreement). For the reasons stated herein, the Court finds, in part, that the Settlement Agreement is fair, reasonable, and adequate. The Court, however, reserves its judgment on the disbursement of attorney's fees.

**BACKGROUND**

The Plaintiff, on behalf of himself and others similarly situated, filed suit against Stucky, Lauer & Young, LLP on August 9, 2017. The Plaintiff stated that the Defendant sent a letter in connection with an alleged debt owed, which violated the FDCPA because it failed to disclose the Plaintiff's rights under § 1692g(a)(4). (Pl.'s Compl. at ¶¶19–20, 23–30, ECF No. 1.)

On March 30, 2018, the Plaintiff filed a Motion to Certify Class and for Preliminary Approval of Class Action Settlement. [ECF No. 19]. The proposed class was defined as follows:

> All natural persons with an Indiana address to whom Defendant sent a
> letter based on the Template[1] in connection with the collection of a
> consumer debt on or after August 9, 2016 through August 9, 2017. (Class
> Action Settlement Agreement § 3.1, ECF No. 19-1.)

On May 29, 2018, the Court granted the Plaintiff's motion. [ECF No. 22]. After the Court granted the Plaintiff's Motion, the parties reached a proposed settlement that would resolve all claims in this case. On October 4, 2018, the parties filed a Joint Motion to Certify Class and Final Approval of Class Settlement. [ECF No. 26]. The Settlement Agreement requires the Defendant to pay $1,000 to the named Plaintiff for his service as class representative and $5,000 to be distributed among the 889 class members for whom the parties possess valid addresses. The anticipated recovery for the 889 class members is $5.62 each. (Joint Mot. to Certify Class and Final Approval of Class Settlement at 5.) Pursuant to the Settlement Agreement, the Defendant agrees not to contest an award of attorneys' fees up to $30,000, and reasonable costs and expenses up to $3,000 to Class Counsel. *Id.*, at 4–5. Regarding the award of attorney's fees and expenses, the parties note that "[t]he Settlement, however, is not conditioned upon such an award, and the amount ultimately awarded will be let [sic] to the Court's discretion." *Id.*, at 5.

The Court granted preliminary approval [ECF No. 22] on May 29, 2018. In connection with the preliminary approval, the Court ordered that class members be sent a notice of the proposed settlement. The Court also confirmed Joseph Panvini of Thompson Consumer Law Group, PLLC, as Class Counsel for the Class Representative and the Class. (Order ¶ 5.)

The Court conducted a Fairness Hearing on October 5, 2018 [ECF No. 29], to consider: (i) the fairness, reasonableness, and adequacy of the settlement; (ii) the contents of the Final

---

[1] The Template contained the following language: "Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you do not dispute it within that period, I'll assume that it is valid. If you do dispute it, I will as required by the law, obtain and mail to you proof of the debt." (Notice at 2, ECF No. 19-2.)

2

Order of Approval of Settlement; and (iii) the application of Class Counsel for attorney's fees and costs.

## DISCUSSION

Pursuant to Rule 23, the Court will evaluate the notice provided to the class members, the adequacy of the settlement agreement, the additional payment to the Named Plaintiff, and the propriety of the attorney's fees.

### A. Notice

Rule 23 requires that the Class Members receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Reasonable notice is required to all class members who would be bound by a proposed settlement. Fed. R. Civ. P. 23(e)(1).

As directed by the Court (Order ¶ 7–8, ECF No. 22), the Plaintiff attests that a Class and Settlement Notice [ECF No. 19-2] was mailed to all class members. (Decl. of Class Counsel ¶¶ 9–11, ECF No. 28.) Of the 925 notices sent, 879 were successfully delivered in the first instance, 10 were forwarded to a new address, and 36 were returned to Class Counsel without any known forwarding address. *Id.*, at ¶¶ 9–11. Class Counsel states that "all reasonable efforts were made to locate current addresses for all class members, in particular, by searching for such addresses using the National Change of Address Database." *Id.*, at ¶ 12.

Individual notice, by mail, to all reasonably known class members is sufficient in the usual case. *See Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015) (citing *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 174-75 (1974)); *see also* 7B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1797.6 (3d ed.) (collecting cases). The parties identified 925 class members through discovery, made concerted efforts to

identify current addresses for these individuals, and distributed the notice accordingly. (Pl.'s Unopposed Mot. for Class Certification and Prelim. Approval of Class Action Settlement at 5.) Thus, the Court finds that due process and the notice requirements of Rule 23 have been satisfied.

B.     **Adequacy of the Settlement Agreement**

A district court must scrutinize and evaluate a class action settlement to determine whether it is "fair, reasonable, and adequate." *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 634 (7th Cir. 2011) (quoting Fed. R. Civ. P. 23(e)(2)). In making these determinations, a court considers the strength of a plaintiff's case compared to the defendants' offered settlement amount; the likely complexity, length, and expense of the litigation; the amount of opposition to settlement among affected parties; the opinion of competent counsel; and the stage of the proceedings and the amount of discovery completed at the time of settlement. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

In considering the strength of the Plaintiff's case as compared to the settlement amount, a court must quantify "the net expected value of continued litigation to the class by estimating the range of possible outcomes." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 346-47 (N.D. Ill. 2010); *Synfuel*, 463 F.3d at 653. While a high degree of precision cannot be expected in valuing a litigation, a ballpark valuation must be made. *See Eubank v. Pella Corp.*, 753 F.3d 718, 727 (7th Cir. 2014); *see also Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 285 (7th Cir. 2002).

Pursuant to 15 U.S.C. § 1692k(a)(2)(B), the FDCPA imposes a limit on the amount of damages a debt collector may pay in a class action. ("[I]n the case of a class action, (i) such

amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector"). The Seventh Circuit holds that the "statutory term net worth means book net worth or balance sheet net worth…" *Sanders v. Jackson*, 209 F.3d 998, 1001 (7th Cir. 2000). The Defendant has represented to Class Counsel and produced business records demonstrating that its net worth is "minimal or negative." (Decl. of Class Counsel in Supp. of Joint Motion for Final Approval of Class Settlement Agreement ¶ 6.) Additionally, Class Counsel has determined that the Defendant's net worth does not and could not conceivably be found to exceed $500,000. *Id.*, at ¶ 7. Additional litigation over the Defendant's net worth is likely futile. The current settlement, which provides $5,000 for distribution among the class, likely represents the most damages available. For these reasons, the Court agrees that the Settlement Agreement is fair, reasonable, and adequate.

**C.     Attorney's Fees and Payment to the Named Plaintiff**

**1.     *Additional Payment to the Named Plaintiff***

Class Counsel requests that the Named Plaintiff be given $1,000 from the settlement fund, which is the maximum amount he can recover under the FDCPA. (Joint Mot. at 5.) "Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid Mktg. Litig*, 264 F.3d 712, 722 (7th Cir. 2001); *see also Cook v. Niedart*, 142 F.3d 1004, 1016 (7th Cir. 1998).

The Named Plaintiff testified in a declaration that he was an active participant in the litigation since before the initial complaint was filed. (Decl. of Pl. Samuel Maloy in Supp. of

Joint Mot. for Final Approval of Class Settlement at 1–3.) He stated that he reviewed a draft version of the complaint, discussed edits and revisions to the complaint with counsel, and regularly communicated with Class Counsel. *Id.* Given the contribution of the Named Plaintiff, the Court finds that the $1,000 payment is appropriate and within statutory bounds.

**2.     *Attorney's Fees***

Under Rule 23(h), the Court "may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, the parties have agreed that the Defendant will not object to up to $30,000 in attorney's fees and $3,000 in fees and expenses that Class Counsel requests, payments entirely separate from those made to class members. Courts favor the settlement of attorney's fees by the parties. *Compare Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."), *with Estate of Enoch ex rel. Enoch v. Tienor*, 570 F.3d 821, 822 (7th Cir. 2009) (describing an offer of judgment exclusive of attorney fees as "a regrettable situation," because it naturally led to more litigation). Indeed, some courts find such agreements presumptively reasonable. *See Goodyear v. Estes Exp. Lines, Inc.*, No. 1:06CV863-JDT-TAB, 2008 WL 687130, at *4 (S.D. Ind. Mar. 10, 2008). Nevertheless, the Court must evaluate this amount to determine its reasonableness.

As noted during the Fairness Hearing, the Court requested additional briefing on attorney's fees, due thirty days after the hearing. Accordingly, until the Court receives additional briefing regarding the calculation of attorney's fees, the Court WITHHOLDS its ruling regarding Class Counsel's requests for attorney's fees and expenses.

## CONCLUSION

For the reasons set forth above, the Court GRANTS, IN PART, the parties' Joint Motion to Certify Class and Final Approval of Class Settlement. The Court WITHHOLDS its ruling regarding Class Counsel's requests for attorney's fees and expenses until the parties submit briefing.

SO ORDERED on October 25, 2018.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT