UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SAMUEL MALOY (on behalf of Himself and others similarly situated),<br><br>    Plaintiff,<br><br>v.<br><br>STUCKY, LAUER & YOUNG, LLP,<br><br>    Defendant. | CAUSE NO.: 1:17-CV-336-TLS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's, Samuel Maloy, Motion for Attorney Fees and Expenses [ECF No. 32]. The Defendant, Stucky, Lauer & Young, LLP have not filed an objection. Class Counsel requests $30,000 in attorney's fees and $2,526.44 in expenses.

## BACKGROUND

The Plaintiff, on behalf of himself and others similarly situated, filed suit against Stucky, Lauer & Yong, LLP on August 9, 2017 regarding an alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, [ECF No. 1]. On May 29, 2018, the Court approved the Plaintiff's Motion to Certify Class and for Preliminary Approval of Class Action Settlement [ECF No. 19]. On October 4, 2018, the parties filed a Joint Motion to Certify Class and Final Approval of Class Settlement [ECF No. 27]. The parties indicated that they had entered a Settlement Agreement, which requires the Defendant to pay $1,000 to the named Plaintiff for his service as class representative and $5,000 to be distributed among the 889 class members for whom the parties possess valid addresses. (Joint Mot. to Certify Class and Final Approval of Class Settlement at 5.) Pursuant also to the Settlement Agreement, the Defendant

1

agrees not to contest an award of attorney's fees up to $30,000, and reasonable costs and expenses up to $3,000 to Class Counsel. (*Id.*, at 4–5.)

The Court conducted a Fairness Hearing on October 5, 2018 [ECF No. 29], to consider: (i) the fairness, reasonableness, and adequacy of the settlement; (ii) the contents of the Final Order of Approval of Settlement; and (iii) the application of Class Counsel for attorney's fees and costs. On October 25, 2018, the Court granted, in part, the parties' Joint Motion to Certify Class and Final Approval of Class Settlement and requested additional briefing on attorney's fees. (Op. and Order at 6, ECF No. 31.) On November 5, 2018, the Plaintiff filed a Motion for Attorney's Fees and Expenses [ECF No. 32] and an Affidavit in Support of the Motion for Attorney's Fees and Expenses from Plaintiff's attorney Russell S. Thompson [ECF No. 33]. Class Counsel requests that the Court, pursuant to its authority under Federal Rule of Civil Procedure 23(h), award it $30,000 in attorney's fees and $2,526.44 in expenses. (Pl.'s Mot. in Supp. of Atty's Fee and Expenses at 1.) In accordance with the parties' Settlement Agreement, the Defendant did not file an objection. (*Id.*, at 2.)

## ANALYSIS

Courts favor the settlement of attorney's fees between parties. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Nevertheless, the Court must evaluate this number to determine its reasonableness. Plaintiffs who prevail under the FDCPA are entitled to an award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). *See Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009). This award is mandatory. *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997). The general rule for calculating attorney's fee awards under fee shifting statutes is applicable to attorney's fees awards under the FDCPA. *Gastineau v. Wright*, 592 F.3d 747, 748–49 (7th Cir. 2010). The

starting point for calculating awards of attorney's fees is the lodestar method, which requires calculation of a reasonable hourly rate multiplied by the number of hours reasonably expended on the litigation. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012).

The Court may exercise its discretion to "adjust [the lodestar] figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Gastineau*, 592 F.3d at 748. "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999) (quoting *Bankston v. Illinois*, 60 F.3d 1249, 1256 (7th Cir. 1995)). To determine reasonable attorneys' fees, "the district court must demonstrate that it has considered the proportionality of attorneys' fees to the total damage award." *Moriarty ex rel. Local Union No. 727 v. Svec*, 429 F.3d 710, 717 (7th Cir. 2005). The Seventh Circuit has mandated that district court orders should "evidence increased reflection before awarding attorney's fees that are large multiples of the damages recovered or multiples of the damages claimed." *Id.,* at 717–18. Ultimately, the party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999).

A.  **Reasonableness of Hourly Rates**

Generally, a reasonable hourly rate for an attorney is based on what the attorney charges and receives in the market from paying clients for the same type of work. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). "The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for [the] type of work in question." *Owens v. Howe,* 365 F. Supp. 2d 942, 947 (N.D. Ind. 2005) (internal citations and quotations omitted). A plaintiff bears the burden of producing satisfactory evidence

3

that the hourly rate is reasonable and in line with those prevailing in the community. *Calkins v. Grossinger City Autocorp, Inc.*, No. 01 C 9343, 2003 WL 297516 at *1 (N.D. Ill. Feb. 12, 2013). To satisfy this burden, Class Counsel has provided the Court with a Declaration from attorney Thompson [ECF No. 33] and the 2011 Consumer Law Attorney Fee Survey Report [ECF No. 33-2].

The Court has reviewed these submissions. First, Thompson's Declaration [ECF No. 33] regarding attorney's fees holds little objective value to the Court. Thompson is not licensed in Indiana nor does he indicate that he has any knowledge of the prevailing rates for FDCPA cases in the Fort Wayne Division. "[A]n attorney's self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for that attorney's services." *Owens*, 365 F. Supp. 2d at 947 (citing *Spegon*, 175 F.3d at 556). Second, the Court notes that the 2011 Consumer Law Attorney Fee Survey report provided to demonstrate the sufficiency of Class Counsel's attorney's fees, at this point, is now seven years old. Class Counsel does not present a more recent Consumer Law Attorney Fee Survey. Rather, Class Counsel uses inflation rates to demonstrate the appropriateness of its fees. (Pl.'s Mot. in Supp. of Atty's Fees at 6.) Class Counsel submitted the 2011 Consumer Law Attorney Fee Survey Report as evidence of the reasonableness of its attorney's fees, the burden of which falls on Class Counsel to demonstrate. The Court thus will consider the 2011 Consumer Law Attorney Fee Survey Report to analyze the reasonableness of attorney's fees and will not use inflation rates as suggested by Class Counsel to determine reasonableness.

Class Counsel states that five attorneys, Russel S. Thompson, Joseph Panvini, David McDevitt, Courtney Moran, and Ryan Pittman, and two paralegals, Tremain Davis and Zac Landis, worked on this matter. (Pl.'s Mot. for Atty's Fees and Expenses at 4.) Thompson and

4

Panvini list rates of $400/hour, McDevitt list a rate of $350/hour, and Moran and Pittman list rates of $250/hour. (*Id.*) Paralegals Davis and Landis list rates of $150/hour. (*Id.*) Class Counsel justifies these fees as they have been awarded the requested fees in other similar class actions in Arizona. (*Id.*, at 6.) Such fees, however, have no bearing on the market rate in Fort Wayne, Indiana. The Consumer Law Attorney Fee Survey Report shows that Arizona and Indiana are in entirely different regions and not comparable [ECF No. 33-2 at 7, 21, 29].

Class Counsel also states that, excluding paralegal time, the "blended rate" for the total attorney's fees would be $339/hour, which they claim is near the inflation-adjusted rate charged by consumer attorneys at small firms in Indiana. (Pl.'s Mot. for Atty's Fees and Expenses at 6). A blended rate is inappropriate in this instance. The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients. *Owens*, 365 F. Supp. 2d at 947. Combining and averaging the fees of lawyers of various experience levels is inappropriate. Therefore, the Court must evaluate the reasonableness of these fees on an attorney-by-attorney basis.

Thompson has practiced for six years and Panvini has practiced for seven years (Pl.'s Decl. in Supp. of Atty's Fees at ¶¶ 11–12, 13–14.) According to the Consumer Law Attorney Fee Survey Report, the average hourly rate for an attorney of their experience in the Midwest Region is $318/hour, $82/hour less than requested [ECF No. 33-2 at 21]. Based on Class Counsel's submissions, the Court finds that a rate of $318/hour is appropriate. McDevitt has been a practicing attorney for five years. (Pl.'s Decl. in Supp. of Atty's Fees at ¶¶ 15–16.) According to the Consumer Law Attorney Fee Survey report, the average hourly rate for an attorney of McDevitt's experience in the Midwest Region is $263/hour, $87/hour less than requested [ECF No. 33-2 at 21]. Based on Class Counsel's submissions, the Court finds that a rate of $263/hour

5

is appropriate. Pittman has been a practicing attorney for three years and Moran has been a practicing attorney for one year. (Pl.'s Decl. in Supp. of Atty's Fees ¶¶ 17–18.) The average rate for an attorney of Moran's and Pittman's experience in the Midwest Region is $287/hour and their fees of $250/hour fall within that range [ECF No. 33-2 at 21]. Therefore, the rate of $250/hour is appropriate.

The Court must also address the fees requested for paralegal work. Class Counsel fails to provide independent sources to justify the payment of the paralegal fees. This Court, however, has found previously that rates for paralegals between $135 – $140 were reasonable. *See, e.g.*, *Bratton v. Thomas Law Firm, PC*, 943 F. Supp. 2d 897, 906 (N.D. Ind. 2013) ("Accordingly, based in part on the Court's knowledge of local billing rates, the Court finds that a rate of $135/hour is reasonable for law clerk and paralegal services in the Fort Wayne area."); *Moore v. Midland Credit Mgmt., Inc.*, No. 3:12-CV-166-TLS, 2012 WL 6217597, at *17 (N.D. Ind. Dec. 12, 2012) (noting fees of $140 per hour were reasonable for paralegal work). Based upon the description of the paralegal's relevant work experience and previous findings in the Northern District of Indiana, the court finds that $150/hour is reasonable for paralegal work. (Pl.'s Decl. in Supp. of Atty's Fees at ¶¶ 21–23.)

Generally, attorney or paralegal time should not be charged for administrative tasks. *Bratton*, 943 F. Supp. 2d at 907. Courts in the Seventh Circuit have identified a variety of tasks as administrative in nature, including organizing file folders, document preparation, copying or faxing documents, scheduling matters, and mailing letters. *Id.*, at 907–08 (citing *Spegon*, 175 F.3d at 553). Class Counsel states that its involvement in claim administration obviated the need for a "costly third-party administrator" but did not provide a typical hourly fee for such work. (Pl.'s Mot. in Supp. of Atty's Fees and Expenses at 5.) Instead, Class Counsel argues that the

paralegal work in claims administration should be billed at paralegal rates ($150/hour) as it involved the preparation of legal correspondence. (*Id.*, at 6.) The Court acknowledges that Class Counsel did not employ a claims administrator, but still finds the proposed rate for mailing and organizing letters to claim members excessive. Indeed, several of paralegal Davis's entries are read as follows: "Finished folding, stuffing and sealing the 925 Notices to Class members. Added postage to all 925 envelopes then delivered said envelopes to the Post Office for mailing." (Pl.s' Decl. in Supp. of Atty's Fees and Expenses, Ex. A at 8, ECF No. 33-1.) Such work does not constitute the preparation of legal correspondence nor does it qualify as paralegal work. *See Bratton*, 943 F. Supp. 2d, at 907–08. Courts in the Seventh Circuit have fees charged for paralegals by half in such cases. *Id.* (citing *Spegon*, 175 F.3d at 553). Accordingly, for clerical work paralegals completed in the claims administration process, the Court finds that a rate of $75/hour is appropriate.

**B.     Reasonableness of Hours Expended**

Having determined the appropriate hourly rates for the Plaintiff's attorneys and paralegals, the Court must then assess the attorneys' time entries to exclude any hours deemed "excessive, redundant or otherwise unnecessary." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (internal quotations and citations omitted). If the prevailing party fails to exercise the proper billing judgment, a court should exclude from the fee calculation "hours that were not reasonably expended." *Owens*, 365 F. Supp. 2d at 948.

To determine the reasonableness of the hours expended, courts considers several factors, including the time and labor required, the novelty and difficulty of the issue, the legal skill required, the reputation of the attorneys, the time burdens imposed by the client or the circumstances, and awards in similar cases. *Id.*, at 947 (citing *Hensley*, 461 U.S. at 433).

7

Additionally, overstaffing cases inefficiently is common, and district courts are therefore encouraged to scrutinize fee petitions for duplicative billing when multiple lawyers seek fees for the same work. *Schlacher,* 574 F.3d at 858 (citing *Trimper v. City of Norfolk,* 58 F.3d 68, 76–77 (4th Cir. 1995); *Lipsett v. Blanco,* 975 F.2d 934, 938 (1st Cir. 1992) ("A trial court should ordinarily greet a claim that several lawyers were required to perform a single set of tasks with healthy skepticism."); *Jardien v. Winston Network, Inc.,* 888 F.2d 1151, 1160 (7th Cir. 1989)). As five attorneys seek fees in this case, the Court must carefully evaluate the attorneys' time entries. Class Counsel has provided itemized time sheets to account for the attorneys' time entries [ECF No. 33-1]. The Court identifies two primary issues with the attorney entries: (i) time attorney Panvini billed for what appears to be both administrative and redundant tasks; and (ii) the use of senior attorneys for straightforward work when more junior attorneys were available.

Attorney Panvini's time entries for many tasks include administrative, non-legal work and redundant tasks. Attorney time should not be charged for administrative tasks. *Spegon,* 175 F.3d at 553. For example, on August 31, 2018, Panvini writes: "[R]eceive, review and save to file email from client re additional docs; phone call to client, leave message." (Ex. A at 22.) Filing an email from a client is purely administrative. As a combined entry, the Court is unable to determine to what extent the entry was legal or administrative, and therefore discounts it in total along with similar entries. Additionally, Panvini has duplicate entries in some cases. For example, attorney Panvini has multiple entries regarding straightforward topics, including the statute of limitation in this action. On July 24, 2017, Panvini writes: "[R]eview file re upcoming SOL and discuss complaint with associate." (Ex. A at 24.) On August 4, 2017, Panvini writes, "review file re upcoming SOL" and then on August 10, 2017, Panvini writes, "SOL: 8/11/2017

(FDCPA)." (Ex. A, at 23, 24.) As an attorney with extensive FDCPA experience, the Court questions the reasonableness of this continued research. (Pl.'s Decl. in Supp. of Atty's Fees and Expenses at 3–4) (noting that attorney Panvini "worked in private practice exclusively representing consumers in federal and state litigation involving claims under the Fair Debt Collection Practices Act ('FDCPA')…"). The Court also questions why, when three junior attorneys were readily available, attorney Panvini spent a relatively significant amount of time conducting basic legal research. *See Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10-CV-204, 2012 WL 3716961, at *4 (N.D. Ill. Aug. 27, 2012) ("Sloan has not set forth any persuasive reason why it was necessary for senior partners to perform legal research and draft discovery motions; rather, associates are perfectly capable of competently performing such tasks for the partners' review."). The removal of administrative tasks and duplicate entries reduces the number of hours Panvini charges by 2.3.

The hours the paralegals on this case billed also merit attention. Class Counsel's time sheets still indicate that the paralegals seek compensation for purely administrative tasks, unrelated to their dual role in claims administration. For example, on October 4, 2018, paralegal Zac Landis lists .10 of an hour and states: "Pulled and saved docs 27 and 28, motion and affidavit for final class settlement approval, to client's electronic file." (Ex. A at 4.) Such an entry is clearly administrative and not compensable. Paralegal Tremain Davis also has entries that combine administrative tasks with substantive tasks. Davis lists .1 of an hour and states: "Received new address search results from the NCOA. Saved the same to client's electronic file and added memo to Amicus file for attorney review." (Ex. A at 7.) These combined entries make it difficult for the Court to determine which part of the time entry is administrative or substantive. The Court will thus treat these combined entries as purely administrative.

9

Accordingly, the Court has reviewed the time entries and reduced paralegal Landis's compensable time by 3.9 hours and paralegal Davis's time by 2.2

Furthermore, several of the hours the paralegals logged relate solely to claims administration, such as stuffing and mailing envelopes, and cannot be construed as paralegal work. (*See, e.g.*, Ex. A at 8, Davis's June 8, 2018 time entry.) Having reviewed the entries, the Court notes that these activities account for 19.2 hours of Davis's time and 2.8 hours of Landis's time. As noted above, the Court finds that a rate of $75/hour is appropriate in this instance.

C.   **Lodestar Figure**

The total amount of attorney's fees that Class Counsel calculated originally was $39,115.00, which was reduced to $30,000.00 in accordance with the provisions of the Settlement Agreement. (Pl.'s Decl. in Supp. of Atty's Fees and Expenses at ¶ 9.) Having considered the information Class Counsel provided, the Court calculates the revised fees for the attorneys as follows:

| Attorney | Fee | Hours Worked | Total |
|---|---|---|---|
| Russell S. Thompson IV | $318 | 31.60 | $10,048.80 |
| Joseph Panvini | $318 | 37.70 | $11,998.60 |
| David McDevitt | $263 | 13.40 | $3,524.20 |
| Courtney Moran | $250 | 1.00 | $250.00 |
| Ryan Pittman | $250 | 2.4 | $600.00 |
|  |  |  | $26,421.60 |

Having considered the information Class Counsel provided, the Court calculates the fees for paralegals as follows:

| Paralegal Work | Fee | Hours Worked (Modified) | Total |
|---|---|---|---|
| Tremain Davis | $150.00 | 2.0 | $300.00 |
| Zac Landis | $150.00 | 2.8 | $420.00 |
|  |  |  | $720.00 |

Having considered the information Class Counsel provided, the Court calculates the fees for paralegals performing claims administration tasks as follows:

| Administrator Work | Fee | Hours Worked | Total |
|---|---|---|---|
| Tremain Davis | $75 | 19.2 | $1,440.00 |
| Zac Landis | $75 | 2.8 | $210.00 |
| | | | $1,650.00 |

The total fee recovery is calculated as $28,791.60. The Court must now assess whether the revised lodestar number of $28,791.60 is reasonable in relation to the difficulty, stakes, and outcome of the case. *Gastineau*, 592 F.3d at 748. Once a court calculates the appropriate lodestar figure, it may multiply the amount by the percentage of recovery, and subtract specific dollar amounts if it finds a downward adjustment to be warranted. *Purnell v. Kovitz Shifrin & Waitzman*, No. 95 C 2554, 1996 WL 521401, at *2 (N.D. Ill. Sept. 11, 1996).

Class Counsel states that it secured the maximum amount in statutory damages available under the FDCPA. (Pl.'s Mot. in Supp. of Atty's Fees and Expenses at 5.) Class Counsel is correct that the reasonableness of an award of fees is directly related to the degree of the Plaintiff's overall success. *Thorncreek Apartments III, LLC v. Mick*, 886 F.3d 626, 638 (7th Cir. 2018). The Court also acknowledges that the cost to pursue a contested claim will often exceed the amount in controversy. *Estate of Enoch ex rel. Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009).

A comparatively large fee request, however, raises a red flag. *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 546 (7th Cir. 2009). Class Counsel obtained $6,000, $1,000 for the Class Representative and $5,000 to be divided amongst the class members. Even with the Court's current calculation, attorney's fees would constitute 80 percent of the total recovery from the Defendant. In its defense of the reasonableness of its fees, Class Counsel cites other cases in

Indiana in which Counsel received approximately $25,000 in fees for similar recovery with similar facts. (Pl.'s Mot. in Sup. Of Atty's Fees and Expenses at 7) (citing *Huffer v. Mercer Belanger* No. 117CV00258MJDSEB, 2017 WL 6997843, at *1–2 (S.D. Ind. Oct. 24, 2017); *Chapman v. Dowman, Heintz, Boscia & Vician, P.C.*, No. 2:15-CV-120 JD, 2016 WL 3247872, at *3–4 (N.D. Ind. June 13, 2016)). Class Counsel's reference to *Huffer* and *Chapman* undercuts its argument that it is deserving of the attorney's fees it requests. In those cases, class counsel billed far fewer hours than Class Counsel, while adjudicating similar facts, yet were awarded $25,000 in attorney's fees. This case was an uncomplicated FDCPA action that presented no complex or novel issues, and attorneys Thompson and Panvini represented that their team of attorneys had extensive experience in FDCPA litigation. *See, e.g.*, Ex. A at ¶¶ 11, 13–15, and 17; *see also*, *Pappenfuss v. Receivable Mgmt. Servs. Corp.*, 2013 WL 5427891, at *4 (E.D. Wis. Sept. 26, 2013) (noting garden variety FDCPA cases like this one can be resolved largely through forms and existing boilerplate). Yet, Class Counsel billed substantially, and perhaps unnecessarily, more time and now seek attorney's fees for this course of action.

"The Court may not 'eyeball' and decrease the fee by an arbitrary percentage because of a visceral reaction that a fee is excessive. *Schlacher*, 574 F.3d at 857 (7th Cir. 2009) (citing *Small.*, 264 F.3d at 708; *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992)). Although there is no rule requiring proportionality between damages and attorney's fees, a district court must consider proportionality as one factor in determining a reasonable fee. *Moriarity*, 428 F.3d at 717. The Court finds that the current lodestar number is not reasonable. Therefore, the Court finds that it is appropriate to reduce the lodestar number of $28,791.60 to $25,000.00 as this was a straightforward case involving little difficulty, senior attorneys billed extensively despite previous experience with such matters and the availability of junior attorneys, the fee would

otherwise be disproportionate, and the amount of attorney's fees awarded is congruent with other cases in this district.

**D. Expenses**

Federal Rule of Civil Procedure 54(d)(1) states that "costs—other than attorney's fees—should be allowed to the prevailing party." The Seventh Circuit has stated that Rule 54(d) "creat[es] a strong presumption that the prevailing party will recover costs." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). "[I]n assessing a bill of costs, [a] district court must determine whether the costs are allowable and, if so, whether they are both reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 255 (7th Cir. 1993). *See Bitler Inv. Venture II, LLC v. Marathon Petroleum Co.*, No. 1:04-CV-477-TLS, 2013 WL 359014, at *2 (N.D. Ind. Jan. 29, 2013) (discussing objections to a bill of costs); *Barton v. Zimmer, Inc.*, No. 1:05-CV-208-TS, 2010 WL 3168403, at *1 (N.D. Ind. Aug. 10, 2010) (discussing an award of costs under Rule 54(d)); *Moore v. Univ. of Notre Dame*, 22 F. Supp. 2d 896, 913 (N.D. Ind. 1998) ("[I]n order to award costs to the prevailing party, the court must determine that the expenses are allowable and reasonable, both in amount and necessity to the litigation."); *see also Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000) (discussing reasonableness of a cost to be taxed against a losing party).

Class Counsel is the prevailing party and expenses should be considered in accordance with Rule 54. The Court finds that the expenses claimed are reasonable and directly related to the litigation and claims administration process and therefore GRANTS $2,526.44 in expenses.

## CONCLUSION

Based on the foregoing, the Court DENIES, IN PART, and GRANTS, IN PART, the Plaintiff's Motion for Attorney's Fees and Expenses [ECF No. 32]. The Court GRANTS expenses in the amount of $2,526.44 and DENIES the Plaintiff's Motion for Attorney's Fees in the amount of $30,000. Instead, the Court GRANTS the Plaintiff's Motion for Attorney's Fees in the amount of $25,000.

SO ORDERED on December 14, 2018.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT